# KYNES, MARKMAN & FELMAN, P.A.

ATTORNEYS AT LAW

JAMES H. KYNES
  (1953-1993)

JAMES E. FELMAN
JFELMAN@KMF-LAW.COM

MELISSA N. MADSEN
MMADSEN@KMF-LAW.COM

STUART C. MARKMAN*
SMARKMAN@KMF-LAW.COM

KRISTIN A. NORSE
KNORSE@KMF-LAW.COM

KATHERINE EARLE YANES
KYANES@KMF-LAW.COM

ROBERT W. RITSCH*
   OF COUNSEL

*ALSO ADMITTED IN NORTH CAROLINA

SUITE 1300
100 SOUTH ASHLEY DRIVE
TAMPA, FLORIDA 33602

PLEASE REPLY TO:
POST OFFICE BOX 3396
TAMPA, FLORIDA 33601-3396

TELEPHONE  (813) 229-1118
FAX  (813) 221-6750
WWW.KMF-LAW.COM

April 8, 2013

John Ley, Clerk of the Court
United States Court of Appeals
Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, GA 30303

    Re:   *Miranda Day v. Persels & Associates, LLC, et al*, Case No. 12-11887-V
            Supplemental Authority

Dear Clerk Ley:

      Pursuant to Fed R. App. P. 28(j), Appellee Miranda Day invites the attention of the Court to the pertinent and significant decisions of the United States Court of Appeals for the Second Circuit in *United States v. Jacobson*, 15 F.3d 19 (2d Cir.1994), and *Rubin v. Assicurazinoi Generali S.P.A.*, 249 Fed. Appx. 237, 2007 WL 2905617 (2d Cir. 2007). Copies of *Jacobson* and *Rubin* are attached.

      *Jacobson* and *Rubin* are pertinent to the relief that may be ordered should the Court determine that supplemental proceedings are necessary regarding either the adequacy of the class notice or the evidentiary record in support of the Settlement Agreement. *Jacobson* addresses the appropriate procedure where development of the record in the trial court is necessary to resolution of an appeal. It holds that under such circumstances, the "better practice" is for the Court of Appeals "to direct that a mandate issue forthwith and that the mandate state the conditions that will restore jurisdiction to" the Court of Appeals. 15 F.3d at 22. Such an order may provide that

upon the occurrence of the stated conditions, "jurisdiction will be automatically restored to the appellate panel without a new notice of appeal." *Id.* *Rubin* applies the procedure set forth in *Jacobson* to a class action. 2007 WL 2905617 at *1. The *Rubin* court held the class notice in that case to be inadequate and remanded under the procedure set forth in *Jacobson* "so that appropriate notice may be given in an expeditious manner," to be followed by a new fairness hearing. *Id.* The court directed that following the new fairness hearing, the appeal would be "renewed" in the Court of Appeals for new briefing, following which the appeal would "be deemed resubmitted to" the same panel. *Id.*

Appellee Miranda Day submits that should the Court determine that additional proceedings relating to approval of the Settlement Agreement are required in the district court, it should employ the procedure set forth in *Jacobson* and *Rubin* to ensure resolution of such issues without unnecessary delay.

                                                Sincerely,

                                                /s/ *Katherine Earle Yanes*
                                                Katherine Earle Yanes